# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPASS BANK, <br><br> Plaintiff, <br> vs. <br><br> KENT ALLEN GOBLE, JULIE ACEVEDO, Does 1 through X, inclusive, <br><br> Defendant. | CASE NO. 11-CV-2916 JLS (BLM) <br><br> **ORDER: REMANDING CASE** |

Plaintiff Compass Bank filed an unlawful detainer action against Defendants Kent Allen Goble and Does 1 through X in the Superior Court of California for the County of San Diego on September 22, 2011. (*See* Notice of Removal Ex. A, ECF No. 1-1 ("UD Compl.")) Apparently, Defendant Julie Acevedo intervened in the state court action as current owner of the premises at issue. (*Id.* at 1.) On December 14, 2011, Defendant Julie Acevedo, proceeding pro se, removed the case to this Court. Plaintiff subsequently filed a motion to remand, set for hearing on March 8, 2012 (Mot. to Remand, ECF No. 3), and an ex parte application to shorten time for ruling on the motion to remand (Mot. to Shorten Time, ECF No. 4.) No opposition has been filed.[1] For the

---

[1] Any opposition to Plaintiff's motion to remand was due on February 23, 2012 under Civil Local Rule 7.1(e)(2). The Ninth Circuit has held that a district court may properly construe the failure of an opposing party to timely respond as consent to the granting of that motion. *Ghazali v. Moran*, 467 F.3d 52, 53 (9th Cir. 1999) (per curiam) (affirming dismissal for failure to timely file opposition papers); *see also Bank of N.Y. Mellon v. Crandall*, 2012 U.S. Dist. LEXIS 4561 at *3 (S.D. Cal. Jan. 13, 2012) (granting motion to remand as unopposed where the defendant failed to file an opposition as required by Civil Local Rule 7.1(e)(2)).

following reasons, the Court finds that Defendant's removal of this case was improper and remands the case to the Superior Court of California for the County of San Diego.

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," a defendant may remove the case to federal court. 28 U.S.C. §1441(a). However, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing party bears the burden of establishing that federal subject matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). The district court's subject matter jurisdiction encompasses federal question jurisdiction and diversity jurisdiction, and the Court discusses each of these in turn.

To determine whether federal question jurisdiction exists, the Court looks to the plaintiff's complaint. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). The Court does not consider the defendant's answer, defenses, or counterclaims. *Id.* at 831. In this case, Plaintiff's underlying claim is an unlawful detainer action filed under California law. However, Defendant argues that California law is preempted by new federal legislation, the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 ("PTFA") which requires a 90-day notice of termination rather than the three-day notice provided by California Code of Civil Procedure section 1161. (Notice of Removal 2-5.) According to Defendant, the PTFA is not a defense to an unlawful detainer action brought under California law; rather, the PTFA should have been the basis for Plaintiff's action to eject a tenant. (*Id.* at 5.)

Defendant's attempt to reframe the underlying complaint is unavailing. As Defendant indicates, the PTFA provides certain protections to tenants who reside in properties subject to foreclosure. However, as stated above, it is well-established that the existence of a federal defense does not confer federal question jurisdiction. The gravamen of Plaintiff's complaint is a state law claim for unlawful detainer. The Court agrees with other California district courts, which have concluded that the PTFA does not confer federal jurisdiction in an unlawful detainer action

brought under California law.  *See, e.g., Bank of N.Y. Mellon v. Crandall*, 2012 U.S. Dist. LEXIS 4561 at *4-5 (S.D. Cal. Jan. 13, 2012) (finding that PTFA did not confer federal subject matter jurisdiction in an unlawful detainer action); *Aurora Loan Serv., LLC v. Montoya*, 2011 U.S Dist. LEXIS 129905 at *3 (E.D. Cal. Nov. 9, 2011); *Fannie Mae v. Rhoades*, 2011 U.S. Dist. LEXIS 42712 at *3 (S.D. Cal. April 20, 2011) (same); *SD Coastline LP v. Buck*, 2010 U.S. Dist. LEXIS 123124 at *3 (S.D. Cal. Nov. 19, 2010) (same).  Instead, the PTFA is best characterized as a defense or potential counterclaim to an unlawful detainer action.

There is also no basis for diversity jurisdiction in this case.[2]  Diversity jurisdiction requires that Plaintiff and Defendant be of different citizenship and that the amount in controversy exceed $75,000.  28 U.S.C. § 1332.  The caption of Plaintiff's complaint indicates that the amount demanded "does not exceed $10,000."  (UD Compl. 1.)  Because at least one of the two requirements for diversity jurisdiction is not met, there is no diversity jurisdiction basis for removal.

For these reasons, Defendant fails to establish that this Court has subject matter jurisdiction over the matter.  Thus, this matter is **REMANDED** to the Superior Court of California for the County of San Diego.  The Clerk shall close the file.

**IT IS SO ORDERED**.

DATED:  March 1, 2012

Honorable Janis L. Sammartino
United States District Judge

---

[2] Defendant does not appear to have asserted diversity jurisdiction as a basis for removal.  Plaintiff states that "Defendants have already attempted to invoke diversity jurisdiction twice which resulted in remand with prejudice," although evidence of these previous attempts is not currently before the Court.  (Mot. to Remand 2.)  Thus, the Court addresses diversity jurisdiction here as well.